UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SYDNEY SIMMS,

*Plaintiff*,

v.

PETE BUTTIGIEG, Secretary of
Transportation,

*Defendant*.

Civil Action No. 22-2115 (ABJ)

## REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff Sydney Simms' Opposition ("Opp.," ECF No. 17) to Defendant's Motion to

Dismiss ("Mot.," ECF No. 15) is entirely devoid of any meaningful counterargument to the

points raised in the Motion.  Instead, the extremely short Opposition is almost entirely a

recitation of the basic legal standards governing summary judgment in the context of an

employment dispute, with almost no discussion of Simms' supporting evidence or the

application of the law thereto.  Even Simms' supporting Statement of Facts (ECF No. 17-1) is

almost entirely based on Simms' uncorroborated administrative affidavit (ECF No. 17-2) and

does not provide this Court with any facts counter to the points raised in the Motion.  Because

Simms has not—and cannot—provide this Court with any evidence of an improper motive for

her termination, and because Simms has not meaningfully addressed the arguments in the Motion

establishing that her termination was done for good cause, this Court should grant summary

judgment in favor of Defendant.

## I.      The Administration Terminated Simms with a Good Faith Basis

As explained in greater detail in the Motion (at 2-4), although Simms performed well

during the first half of her initial, probationary year at the Federal Aviation Administration (the

"Administration"), her performance in December 2020 was rife with errors, including three separate significant performance issues that led directly to her termination in January 2021. *See also* Def's Statement of Material Facts ("D-SMF," ECF No. 15-1) at ¶¶ 15-29. These performance issues had nothing to do with Simms' access to policy documents nor to her prior sufficient performance review in October 2020; rather, Simms failed to complete tasks that were within her work description and position requirements. *Id.*

As the Motion makes clear, the Administration therefore had a good faith, legitimate, non-discriminatory basis for Simms' removal, occurring as it did during Simms' probationary period and based upon repeated performance deficits. *See* Mot. at 9-11. Significantly, nothing in Simms' Opposition addresses this point. Simms does not deny that her performance in December 2020 was lacking, nor does she deny that these reasons were the basis for her termination. Her only response of any kind to the overwhelming evidence that she had repeated failures in December 2020 is to note that these reasons were not raised in her October performance evaluation. *See* ECF No. 17-1, at ¶ 11. But this is a red herring: the issue is not whether her performance prior to December 2020 was lacking, but whether her performance in December 2020 was a reasonable and good faith basis on which to terminate her employment with the Administration. Simms does not contest that it was.

This is ultimately fatal to her case, as the Administration's reasonable belief in the validity of its decision is sufficient to justify summary judgment. *See George v. Leavitt*, 407 F.3d 405, 415 (D.C. Cir. 2005). As this Circuit has long held, if an employer's "stated belief about the underlying facts is reasonable in light of the evidence, [there] ordinarily is no basis for permitting a jury to conclude that the employer is lying about the underlying facts. *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1289 (D.C. Cir. 1998). Indeed, as Simms herself acknowledges

(Opp. at 2-3), she must provide specific facts and not conclusory statements or else face

summary judgment.  *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

## II.      Simms Has Not Established Pretext

The only arguments Simms presents in opposition to the overwhelming evidence of her

own performance failures—almost as an afterthought, given the paucity of analysis—is that

another individual (Komnenous) was placed on a performance improvement plan and that the

person who ultimately replaced Simms did not share her protected characteristics.  *See* Opp. at 6.

But neither of these is sufficient to send this case to trial.

*First*, as the Motion has already addressed, Komnenous is not a comparator because she

was not an employee, but a contractor.  Mot. at 12.  As such, Komnenous does not qualify as a

comparator.  *See Steele v. Carter*, 192 F. Supp. 3d 151, 173 (D.D.C. 2016).  Additionally, as

Simms was in her probationary period, she can only rely on other probationary employees as

comparators.  *See Leavitt*, 407 F.3d at 414-15 (D.C. Cir. 2005); *Holbrook v. Reno*, 196 F.3d 255,

262 (D.C. Cir. 1999).  The issue is not whether Simms feels as though she was treated fairly, but

whether she has provided evidence of discrimination.  *Forman v. Small*, 271 F.3d 285, 291 (D.C.

Cir. 2001).  And as Simms herself notes, her own conclusory assertion that Komnenous was a

comparable employee is insufficient to overcome summary judgment.  Opp at 2-3 (citing

*Greene*, 164 F.3d at 675).

*Second*, Simms' reliance on the characteristics of the individual she alleges ultimately

replaced her is similarly unavailing.  Simms must provide this Court with evidence that she was

terminated because of her own protected characteristics, and the identity of her replacement,

without more, is insufficient to support that claim.  *See, e.g.*, *Dunaway v. Int'l Bhd of Teamsters*,

310 F.3d 758, 767 (D.C. Cir. 2002); *Ranowsky v. Nat'l RR Passenger Corp.*, 244 F. Supp. 3d

138, 144 (D.D.C. 2017).  Simms has provided this Court with no other evidence that her

termination was motivated by discriminatory intent, either through alleging any statements by her supervisors or connecting her performance deficiencies to her protected characteristics. She offers only her own self-serving assertions, which are insufficient.

## CONCLUSION

For the foregoing reasons, as well as those set forth in greater detail in the Motion, this Court should grant summary judgment to the Defendant. Simms has not provided any evidence or argument countervailing the clearly established facts that her performance during her probationary period was insufficient because of at least three separate work product issues that were deficient to the point of affecting her department's credibility. Simms has offered no evidence that the articulated reasons for her termination were incorrect or not made in good faith, and she has offered no support for a conclusion that her termination was motivated by or pretext for discrimination with respect to her race, age, or disability. This Court should therefore enter judgment in Defendant's favor on all counts.

Dated: December 19, 2023
     Washington, DC                      Respectfully submitted,

                                       MATTHEW M. GRAVES
                                       D.C. Bar No. #481052
                                       United States Attorney

                                       BRIAN P. HUDAK
                                       Chief, Civil Division

By:     */s/ Kartik N. Venguswamy*
                                       KARTIK N. VENGUSWAMY
                                       D.C. Bar No. #983326
                                       Assistant United States Attorney
                                       601 D Street, NW
                                       Washington, D.C. 20530
                                       Tel: (202) 252-1790
                                       kartik.venguswamy@usdoj.gov

                                       *Counsel for the United States of America*